Mr. Barry Emigh 1720 Arrowhead Road, Apt. O North Little Rock, AR 72118
Dear Mr. Emigh:
I am writing in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 1993), of a proposed popular name and ballot title for an amendment to the Arkansas Constitution. You have previously submitted popular names and ballot titles for three similar measures, each of which I rejected due to ambiguities in the text of your measure.See Ops. Att'y. Gen. 99-435; 99-436 and 2000-024. You have now made changes to the text of your measure and submit the following proposed popular name and ballot title for my certification:
 (Popular Name) AMENDMENT TO PROVIDE THE COUNTY CLERKS WITNESS AND NOTORIZE [SIC] AN INITIATIVE PETITION
 (Ballot Title) TO PROVIDE THE SECRETARY OF STATE SHALL FORWARD A COPY OF THE SPONSOR'S PETITION WITH THE SPONSOR'S MAILING ADDRESS PRINTED OR WRITTEN ON THE PETITION TO THE COUNTY CLERK OF EACH COUNTY WITHIN THE STATE NOT MORE THAN TEN WORKING DAYS AFTER RECEIVING THE SPONSOR'S PETITION PURSUANT TO A.C.A. SECTION 7-9-107(e)(3) OF AN INITIATIVE WRITTEN EITHER AS AN AMENDMENT, ACT OR REFERENDUM WITHIN THE PROVISIONS OF AMENDMENT 7 OF THE CONSTITUTION OF THE STATE OF ARKANSAS WITH A CERTIFICATION BY THE ATTORNEY GENERAL PURSUANT TO A.C.A. SECTION 7-9-107; TO PROVIDE THE SPONSOR OF A COUNTY INITIATIVE WRITTEN AS A LOCAL BALLOT MEASURE WITH A WRITTEN CERTIFICATION OF LEGAL REVIEW BY AN ATTORNEY AT LAW DULY REGISTERED AND LICENSED TO PRACTICE IN THE STATE OF ARKANSAS TO VOLUNTARILY SUBMIT THE PETITION TO THE COUNTY CLERK OF THE RESPECTIVE COUNTY; TO PROVIDE THE SPONSOR OF A MUNICIPAL INITIATIVE WRITTEN AS A LOCAL BALLOT MEASURE WITH A WRITTEN CERTIFICATION OF LEGAL REVIEW BY AN ATTORNEY AT LAW DULY REGISTERED AND LICENSED TO PRACTICE IN THE STATE OF ARKANSAS TO VOLUNTARILY SUBMIT THE PETITION TO THE COUNTY CLERK OF THE RESPECTIVE COUNTY OF THE MUNICIPALITY; TO PROVIDE THE COUNTY CLERK SHALL PUBLICLY POST ALL PETITIONS AS A PUBLIC NOTICE WITHIN THE COUNTY COURT BUILDING; TO PROVIDE THE COUNTY CLERK SHALL VERIFY THE LEGAL VOTER REGISTRATION OF ANYONE VOLUNTARILY REQUESTING TO SIGN A PETITION TO BE WITNESSED BY THE COUNTY CLERK; TO PROVIDE THE COUNTY CLERK SHALL WITNESS THE SIGNATURE OF A LEGALLY REGISTERED VOTER ON A REQUESTED PETITION UPON THE VOLUNTARY REQUEST BY A LEGALLY REGISTERED VOTER; TO PROVIDE THE COUNTY CLERK SHALL NOTORIZE [SIC] AND FORWARD TO THE MAILING ADDRESS OF THE SPONSOR ON THE PETITION EACH PETITION COMPLETELY FILLED WITH SIGNATURES WITHIN FIVE WORKING DAYS OF THE LAST SIGNATURE SIGNED ON A PETITION; TO PROVIDE THE COUNTY CLERK SHALL NOTORIZE [SIC] AND FORWARD TO THE MAILING ADDRESS OF THE SPONSOR ON THE PETITION ALL PETITIONS COMPLETELY OR INCOMPLETELY FILLED WITH SIGNATURES FIFTEEN DAYS BEFORE THE FILING DEADLINE OF AN INITIATIVE TO HAVE THE PETITIONS COUNTED AND VERIFIED FOR QUALIFICATION TO BE PLACED ON AN ELECTION BALLOT; TO PROVIDE NO FEE SHALL BE APPLIED BY THE SECRETARY OF STATE AND COUNTY CLERK FOR SERVICES AND COPIES OF THE PETITION AND NOTORIZATION [SIC] OF EACH PETITION; TO PROVIDE THIS AMENDMENT TO BE SELF EXECUTING; TO PROVIDE FOR THE REPEAL OF PRIOR CONSTITUTIONAL AND STATUTORY PROVISIONS INCONSISTENT WITH THIS AMENDMENT AND TO PROVIDE SEVERABILITY
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Applying the above precepts, it is my conclusion that a more suitable, complete, and correct popular name and ballot title should be substituted for those proposed. The following is hereby certified in order to insure that, when construed together, the popular name and ballot title accurately set forth the purpose of the proposed amendment:
 (Popular Name) AMENDMENT TO REQUIRE COUNTY CLERKS TO WITNESS SIGNATURES ON AND NOTARIZE INITIATIVE PETITIONS
 (Ballot Title) AN AMENDMENT TO THE ARKANSAS CONSTITUTION TO REQUIRE THE SECRETARY OF STATE, UPON RECEIVING A STATEWIDE INITIATIVE PETITION PURSUANT TO ARKANSAS CODE ANNOTATED 7-9-107(e)(3), TO FORWARD A COPY OF THE PETITION WITH THE SPONSOR'S ADDRESS AND THE CERTIFICATION OF THE ATTORNEY GENERAL TO THE COUNTY CLERK OF EACH COUNTY WITHIN TEN WORKING DAYS OF RECEIPT; AUTHORIZING ANY SPONSOR OF A COUNTY OR MUNICIPAL INITIATIVE MEASURE WHO HAS OBTAINED THE CERTIFICATION OF A LICENSED ARKANSAS ATTORNEY TO VOLUNTARILY SUBMIT THE PETITION, INCLUDING THE SPONSOR'S ADDRESS, WITH THE COUNTY CLERK; REQUIRING THE COUNTY CLERK WITHIN FIVE WORKING DAYS OF RECEIPT TO PLACE A COPY OF ANY SUCH PETITION AS A PUBLIC NOTICE WITHIN THE COUNTY COURT BUILDING WITH THE WORDS "SEE COUNTY CLERK" PRINTED IN RED INK THEREON; REQUIRING THE COUNTY CLERK TO VERIFY THE VOTER REGISTRATION OF ANYONE VOLUNTARILY REQUESTING TO SIGN THE PETITION; REQUIRING THE COUNTY CLERK, UPON VERIFICATION OF REGISTERED VOTER STATUS IN THE COUNTY, TO WITNESS THE SIGNATURE OF THE VOTER ON THE PETITION WITHIN THE REQUIRED PROVISIONS FOR A CANVASSER; REQUIRING THE COUNTY CLERK, WITHIN FIVE WORKING DAYS AFTER EACH PETITION IS COMPLETELY FILLED WITH SIGNATURES, TO NOTARIZE THE PETITION AND FORWARD IT TO THE SPONSOR'S MAILING ADDRESS; REQUIRING THE COUNTY CLERK, WITHIN FIFTEEN WORKING DAYS BEFORE THE DEADLINE FOR ANY PETITION TO BE COUNTED AND VERIFIED, TO NOTARIZE AND FORWARD ANY REMAINING PETITIONS (COMPLETELY OR INCOMPLETELY FILLED) TO THE SPONSOR; PROHIBITING THE CHARGING OF ANY FEE BY THE SECRETARY OF STATE OR THE COUNTY CLERKS FOR COPIES, SERVICES, OR NOTARIZATION OF PETITIONS; DEFINING INITIATIVE AS ANY AMENDMENT, ACT, REFERENDUM OR LOCAL MEASURE PROPOSED UNDER AMENDMENT 7 TO THE ARKANSAS CONSTITUTION; DEFINING OTHER RELEVANT TERMS; MAKING THE AMENDMENT SELF-EXECUTING, SEVERABLE, AND EFFECTIVE IMMEDIATELY; AND FOR OTHER PURPOSES.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers must precede every petition, informing them of the privileges granted by the Constitution and of the penalties imposed for violations of this act. Enclosed herewith, over the signature of the Attorney General, are instructions that should be incorporated in your petition prior to circulation.
Sincerely,
MARK PRYOR Attorney General
Enclosure